UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LAVANCE LEWIS,

    Plaintiff,

v.                                                    Case No:   8:16-cv-604-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## **OPINION AND ORDER**

Plaintiff, Willie Lavance Lewis, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on January 28, 2013, and an application for SSI on February 20, 2013. (Tr. 178-81, 182-88). In both applications Plaintiff alleged an onset date of October 1, 2010. (Tr. 77). Plaintiff's applications were denied initially on April 23, 2013, and upon reconsideration on June 6, 2013. (Tr. 90-94, 95-100, 107-11, 137-41). Plaintiff requested a hearing and, on July 17, 2014, an administrative hearing was held before Administrative Law Judge Stanley K. Chin ("the ALJ"). (Tr. 17-35). On August 7, 2014, the ALJ entered a decision finding that Plaintiff was not under a disability from October 1, 2010, through the date of the decision. (Tr. 77-88). Plaintiff filed a request for review which the Appeals Council denied on February 8, 2016. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 14, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2010, the alleged onset date. (Tr. 79). At step two, the ALJ found that Plaintiff had the following severe impairments: prostate cancer status-post surgery; asthma; chronic obstructive pulmonary disease (COPD); coronary artery disease; and obesity. (Tr. 79). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 79-80).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except would need to avoid all exposure to environmental irritants, such as fumes, odors, dusts, gases and poorly ventilated areas." (Tr. 80). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker and electrician helper. (Tr. 82).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 82-83). Specifically, the ALJ found that Plaintiff can perform such occupations as hand packager and food service worker. (Tr. 83). The ALJ concluded that Plaintiff had not been under a disability from October 10, 2010, through the date of the decision, August 7, 2014. (Tr. 83).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether substantial evidence supports the ALJ's RFC determination. Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. (Doc. 18 p. 8-12). Plaintiff argues that the ALJ erred by finding that Plaintiff could meet the standing, walking, lifting, and carrying requirements of medium work. (Doc. 18 p. 9). In addition, Plaintiff contends that his asthma is severe enough to prevent medium work and that the ALJ mistakenly found Plaintiff would only be affected by his asthma and COPD by irritants. (Doc. 18 p. 10). Plaintiff argues that it was improper for the ALJ to rely upon the opinion of a non-examining state agency medical consultant Lionel Henry, M.D., who did not review the entire record, in his finding that Plaintiff could perform medium work. (Doc. 18 p. 12).

Defendant argues that substantial evidence supports the ALJ's assessment of Plaintiff's RFC. (Doc. 19 p. 4-12). Defendant argues that clinical and diagnostic studies did not reveal significant objective medical findings. (Doc. 19 p. 6). Defendant argues that Plaintiff provided inconsistent information about his activities that generally undermine his allegations of disabling limitations. (Doc. 19 p. 9). Defendant contends that the ALJ properly accorded great weight to the opinion of state agency evaluator Dr. Henry and did not unduly rely on the opinion blindly. (Doc. 19 p. 10-11).

The ALJ found that Plaintiff was capable of performing a reduced range of medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). If a claimant can perform medium work, it is presumed that he or she can perform light and sedentary work. *Id.* Light work requires a "good deal of walking or standing." 20 C.F.R. § 404.1567(c). Plaintiff contends that he cannot stand for most of the day and that he cannot lift and carry 25 pounds frequently throughout the day. *See* (Doc. 18 p. 9). In support of this claim Plaintiff cites to the record showing his diagnosis for asthma, COPD, and coronary artery disease. (Doc. 18 p. 9, 11). A diagnosis of an impairment alone, however, is insufficient to establish disability, but rather it is the effect of the impairment on the claimant's ability to work. *See Wind v. Barnhart*, F. App'x 684, 690 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Plaintiff points to no evidence in the record demonstrating how his diagnoses functionally impair his ability to work. Accordingly, the Court finds that Plaintiff has failed to show that he is not capable of performing the reduced range of medium work as found by the ALJ in his RFC determination.

The Court agrees with Defendant that substantial evidence supports the ALJ's determination. As Defendant noted, examinations of Plaintiff's lungs and heart were largely

unremarkable. (Tr. 251, 255-56, 259, 262, 264, 277, 282, 285, 288, 302, 304, 306, 307, 340-41, 348, 350, 352, 357, 359, 389, 392, 395, 398, 401). Examinations of Plaintiff's back, extremities, musculoskeletal condition, and neurological findings were likewise unremarkable. (Tr. 251, 256, 259, 264, 277, 282, 285, 288, 302, 304, 306, 308, 341, 348, 350, 352, 357, 359, 389, 392, 395, 398, 401, 421, 424). Plaintiff testified at the hearing that he officiates games of basketball which requires him to go up and down the playing court and the games last about one hour. (Tr. 23). Plaintiff testified that he has officiated three games in one day. (Tr. 23). Plaintiff testified that he can perform yard work for approximately 15-20 minutes before needing to stop due to shortness of breath. (Tr. 27). Plaintiff testified that he can walk for approximately two miles before stopping due to shortness of breath. (Tr. 29). The ALJ noted that the record shows that Plaintiff was non-compliant with healthcare provider recommendations, including attending follow-up medical appointments and delaying recommended treatment, suggesting that Plaintiff's impairments were not as limiting alleged. (Tr. 81).

The Court finds that there was no error in the ALJ's decision to accord great weight to the opinion of Dr. Henry. State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. § 404.1527(e)(2)(i). The ALJ explained that he was according great weight to the opinion because "it is generally consistent with the record as a whole, which notes the claimant's relatively mild respiratory and cardiac issues (Exh. 1F; 5F; 6F; 11F; 13F)." (Tr. 81). Although Dr. Henry offered his opinion before the record was complete, the ALJ's decision shows that he considered the subsequent medical evidence and found it to be consistent with Dr. Henry's opinion. Thus, it is clear that the ALJ did not solely rely on the opinion

of Dr. Henry, but considered the opinion in conjunction with the entire record, even those records subsequent to his opinion.

By finding that substantial evidence supported the ALJ's RFC determination the Court does not mean that there is no evidence that runs contrary to the ALJ's conclusions. The Court acknowledges that evidence in the record cited by Plaintiff supports his argument that he is incapable of performing medium work. As noted above, however, substantial evidence "is such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford*, 363 F.3d at 1158. Here, the ALJ's decision is supported by such evidence that a reasonable person would accept as adequate. Plaintiff has failed to carry his burden on demonstrating disability. Accordingly, the Court will not disturb the ALJ's findings.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 28, 2017.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties